REQUESTED BY: Kenneth J. Vampola, Chairman Nebraska Board of Parole
You requested a formal opinion from the Attorney General's Office regard whether the Board of Parole can allow Parole Officers from outside of Lincoln to testify via telephone conference in Review of Parole Hearings (Revocation Hearings). You note that State Statutes provide that the parolee shall be permitted to present witnesses and cross-examine adverse witnesses at a Review of Parole Hearing. Thus your inquiry is whether a Parole Officer's appearance and testimony via telephone would satisfy this requirement.
While the powers of a hearing officer in a quasi-judicial hearing are not delineated in State statutes, the statutes do address the powers of State court judges. Neb. Rev. Stat. 24-734(3) (1999) states:
Kenneth J. Vampola
 "The judge, in his or her discretion, may in any proceeding authorized by the provisions of this section not involving testimony of witnesses by oral examination, use telephonic methods to conduct such proceedings. The court may require the parties to make reimbursement for any telephone charges incurred." (Emphasis added)
 Neb. Rev. Stat. § 83-1,120(1999) does guarantee a parolee the right to be present, to testify, to produce witnesses, to cross-examine adverse witnesses and to introduce such other evidence as may be pertinent at a Parole revocation hearing.
In Morrissey v. Brewer 408 U.S. 471, 92 S.Ct. 2593 (1972), the United States Supreme Court specifically addressed the question of due process in a parole revocation hearing and held that the minimum requirements of due process include, among other requirements, "(c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); . . ." 489, 92 S.Ct. at 2604. In Wolff v. McDonnell,418 U.S. 539, 94 S.Ct. 2963 (1974), the United States Supreme Court outlined similar due process requirements for prison disciplinary proceedings.
The question of whether confrontation requires a face-to-face confrontation has been addressed in a number of states in relation to criminal cases. In State v. Kinard, 283 S.E.2d 540, 54 N.C.App. 443
(1981), the New York Supreme Court held that the right to confrontation is essentially the right to have a witness produced and physically present for questioning. Other courts have considered a face to face meeting as implicit in any confrontation and determined that confrontation includes cross examination in addition to physical presence. State v. Darden, 41 P.3d 1189, 145 Wash. 2d 612 (2002), State v. Moss, 13 S.W.3d 374 (Tenn Crim App. 1999)
There are cases in other federal court circuits discussing a Defendant's rights during parole revocation hearings. Generally, those cases hold that, although a particular Defendant does not have an absolute right to confront witnesses during such a hearing, officials may not disregard this right altogether. For instance, in U.S. v. Martin,984 F.2d 308, 310 (9th Cir. 1993), the Ninth Circuit Court of Appeals noted that a Defendant's confrontation rights in a hearing to revoke supervised release varied depending on the circumstances of the given case. In particular, the court stated, "in cases involving the Morrissey right to confrontation, the appellate court employs a process of balancing the releasee's right to confrontation against the government's good cause for denying it."
Kenneth J. Vampola
 In Shore v. Lockyer, 2003 WL 1563991 (N.D.Cal.), a California district court held that the Defendant's confrontation rights in a parole revocation hearing were not violated when a witness was allowed to testify telephonically rather than in person. However, contrary to Nelson, there were legitimate reasons noted why the witness in Shore did not testify in person. Most notably, the witness was fearful of the Defendant seeing her face. Moreover, at the time of the hearing, the witness was living in a location distant from where the hearing was to be held. Id. at 6. Consequently, in light of the flexible nature of parole revocation hearings, as noted in Morrissey, the court held that the Defendant's due process rights were not violated. Id. at 6-8.
An accused's right to call witnesses in his defense is one of the basic due process rights afforded, similar to the right to confrontation. In Baxter v. Nebr. Dept. of Correctional Services, 11 Neb. App. 842,663 N.W.2d 136 (2003) the Nebraska Court of Appeals held that when a prison disciplinary committee considers a charged inmate's request to call witnesses with relevant knowledge in the inmate' defense that the request should be permitted unless allowing the inmate to do so would be unduly hazardous to institutional safety or correctional goals. In Claypool v. Nebr. Dept. of Correctional Services, 12 Neb. App 87, 96,667 N.W.2d 267. 276 (2003) the Court of Appeals addressed the issue of "unduly hazardous to institutional safety or correctional goals" and, based on cases from other jurisdictions, determined that "prison officials must decide on a case-by-case basis whether `legitimate penological concerns' counsel against permitting witnesses to appear at disciplinary hearings because it would be unduly hazardous to institutional safety or correctional goals."
Given that Morrissey, supra., requires a due process analysis that is somewhat flexible in a parole revocation hearing, it is possible to overcome a confrontation objection to the receipt of testimony conducted over-the-telephone if good cause can be shown for not allowing confrontation. However, it is clear that the court is to take the Defendant's confrontation rights into account when determining the admissibility of certain evidence.
The United States Supreme Court has stated that once it is determined that due process applies, there is flexibility in determining what procedural protections are demanded in a particular situation. Morrissey, supra at 481, 92 S.Ct. at 2601. The protections to be afforded a Defendant vary from case to case.
See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18
(1975). If there is a safety or security hazard presented by the in-person testimony of a witness, then it is less likely that the court will have a problem with testimony presented over-the-telephone. However, if the reasoning is merely to save time and expenses, then it is unlikely that the court will be sympathetic to any argument for telephonic testimony. Defendant's due process objection on the grounds that they were not provided with an adequate opportunity to confront the witnesses would likely prevail.
Kenneth J. Vampola
 It is our opinion that the Nebraska Board of Parole can not allow Parole Officers to testify via telephone at parole revocation hearings unless the Board can identify a significant and valid safety and security concern related to the Parole Officers' attendance.
Sincerely,
 JON BRUNING Attorney General
 Linda L. Willard Assistant Attorney General
APPROVED: